### McCARLEY v. McCARLEY (No. 10612.)

Court of Civil Appeals of Texas. Dallas. Nov. 2, 1929.

Louis Wilson and Wm. H. Clark, both of Dallas, for appellant.

Hughes & Monroe and Richard B. Shults, all of Dallas, for appellee.

LOONEY, J. E. E. McCarley brought suit against his partner, A. A. McCarley, for the dissolution of the partnership of McCarley Bros., the appointment of a receiver, an accounting, and for final settlement of the affairs of the firm. The court appointed R. E. Thompson receiver, who qualified and took charge of the assets of the partnership. The case was tried to a jury, and on their findings and the facts otherwise ascertained the court rendered judgment dissolving the partnership, settled certain issues between the partners, adjudged certain of the costs to be paid by each, and ordered the receiver to sell, at public or private sale, all assets belonging to the firm, directed creditors to file their accounts with the receiver, properly verified and to be paid by him when and as approved by the court, after paying costs, and thereafter to divide equally, between plaintiff and defendant, any fund remaining.

In executing the order of sale the receiver obtained two bids—one from Mrs. E. E. McCarley, wife of plaintiff, whose bid was simply an offer by her to pay all indebtedness and taxes due by McCarley Bros., and all costs, except the receiver's fee, no specific amount being named in the bid; the other bid was by appellant, A. A. McCarley, in which he said, "I bid a total of $3,486.77, as follows," mentioning certain items of indebtedness owing by the firm and certain items of costs, and a cash item of $705, stipulating that the unexpended portion should be divided between himself and plaintiff, with the express understanding that, as against the part allowed E. E. McCarley, he (appellant) was to take credit for $503, mentioned in the judgment as the amount due Thompson and Swanson by E. E. McCarley. The receiver reported these bids to the court, stating that he was of opinion that the bid of Mrs. McCarley was the better bid; that the bid of A. A. McCarley contained certain exceptions and required cer-

tain deductions, which, when tabulated, brought the amount of his bid to about the amount of the bid of Mrs. McCarley, but upon the whole he recommended that her bid be accepted, and that he be authorized to consummate the sale to her.

Appellant filed objections to the report and recommendation of the receiver, challenged the accuracy of his statement, to the effect that the bid of Mrs. McCarley was a better bid than his, alleged that his bid of $3,486.77 was intended to be and was a cash bid, that the receiver had misconstrued its meaning, and, in order to remove any doubt or uncertainty in this respect, accompanied the objections filed by him with a cashier's check for $3,486.77, and asked the court to direct the receiver to accept his bid and make transfer of the assets to him accordingly. On the hearing of the receiver's report and the objection thereto, appellant testified that his bid for the assets of McCarley Bros. was "thirty-four hundred and some odd dollars"; that he did not accompany the bid with a cashier's -check, but was willing to do so, if required, and had instructed his attorney to so inform the court, but, in order to remove any dispute as to his bid, he presented in court a cashier's check for $3,486.77, issued by Republic National Bank & Trust Company, of Dallas, Tex., payable to R. E. Thompson (receiver).

After tabulating and considering these bids, the court found that the bid tendered by Mrs. McCarley amounted to $1,750, and that the bid made by appellant amounted to $1,548.77; that the bid of Mrs. McCarley, being the better bid, was approved, and the receiver was ordered to execute bill of sale conveying to her said assets. A. A. McCarley has appealed from this order, and presents but one question for our consideration; that is, whether or not, under the facts, the court abused its discretion in rejecting his bid and in confirming the sale to Mrs. McCarley.

It is apparent that the court below did not consider or attach any significance to appellant's explanation of his bid and the tender made by him of the cashier's check, and in this we think the court committed reversible error. The bid of Mrs. McCarley was not a specific cash offer, and therefore was not entitled to be considered a bid at all. In Continental Supply Company v. Mack, 238 S. W. 247, 251, the Court of Civil Appeals at Fort Worth, commenting on a similar bid made in a receivership, said: "In this case, we do not believe the bid of appellants was in compliance with the order of the court, in that it was not strictly for cash." To the same effect, see the concurring opinion of Judge Connor, pages 251, 252.

The same objection, however, would, in our opinion, have also disqualified the bid of appellant, but for the fact that all doubt and ambiguity as to its meaning was removed when he alleged and testified that it was meant to be a cash offer of $3,486.77, and tendered in court a cashier's check for that amount, payable to the order of the receiver. No contention is made that this sum was an inadequate price for the property, nor is any suspicion cast upon the validity or solvency of the check. Appellant was personally interested in seeing that these assets, of which he was half owner, sold for as much as possible under the circumstances, and, as his bid was objected to as being ambiguous and uncertain in meaning, he had the right to remove all doubt in the manner adopted by him. We therefore approve the bid of A. A. McCarley, and direct the receiver, Mr. Thompson, to execute a bill of sale, conveying to him all assets belonging to said partnership, on payment by him to the receiver within three days after demand the sum of $3,486.77, which, together with any other amount on hand belonging to the receivership, shall be paid out by the receiver for costs and claims, as approved and ordered by the trial court, paying the residue, if any, in equal amounts, to plaintiff, E. E. McCarley, and defendant, A. A. McCarley. The receiver shall make full report to and receive his discharge from the trial court.

Should A. A. McCarley, after three days' notice, fail to pay the amount of his bid, as above provided, the receiver will immediately solicit new cash bids and report the result to the trial court, and shall thereafter be subject in all things to its orders.

Reversed and rendered in part, and remanded, with instructions, in part.